ROTH, Judge
(dissenting):
11 81 I respectfully dissent.
€ 82 The lead opinion concludes that criminalization of masturbation for pay is precluded under Utah Code subsection 76-10-1318(1)(a), but not subsection 1813(1)(b), because there is a "with" in subsection 1318(1)(a) that is absent in subsection 1818(1)(b). Compare Utah Code Ann. § 76-10-1818(1)(a) (LexisNexis 2012), with id. § 76-10-1818(1)(b). In my view, the lead opinion's interpretation unjustifiably focuses on an alternative meaning of the term "with" in subsection 1813(1)(a) and, in doing so, misconstrues the legislative intent evinced in the statute's plain meaning.
<1 88 To begin with, it is difficult for me to fmd a basis in the simple statutory language for ascribing some sort of ambiguity to the word "with" in subsection 1813(1)(a) so as to limit the meaning of "masturbation" to exclude self-stimulation in that subsection. When we interpret statutes, we "presume that .the legislature used each word advisedly and [we] give effect to each term according to its ordinary and accepted meaning." Nelson v. Salt Lake County, 905 P.2d 872, 875 (Utah 1995). "In determining the ordinary meaning of nontechnical terms of a statute, our 'starting point' is the dictionary." State v. Canton, 2013 UT 44, ¶ 13, 308 P.3d 517 (quoting Hi-Country Prop. Rights Group v. Emmer, 2013 UT 33, ¶ 19, 304 P.3d 851). Further, we should not place "singular foeus" on ordinary words but should consider their plain meaning "in light of their association with surrounding words and phrases and in harmony with other statutes in the same chapter." See State v. MacGuire, 2004 UT 4, ¶ 45, 84 P.3d 1171 (Parrish, J., concur-mug)
1134 Sexual solicitation, as found in Utah Code section 76-10-1318, is just one section under the umbrella of "Prostitution" that the Legislature has designated as "offenses against public health, safety, welfare, and morals." See generally Utah Code Anu., tit. 76, ch. 10 (LexisNexis 2012). Utah Code seetion 76-10-1801 to section -1814 eriminalizes commercial sex acts that fall under the definition of "sexual activity," which it defines as "acts of masturbation, sexual intercourse, or any sexual act involving the genitals of one person and the mouth or anus of another person, regardless of the sex of either participant." Utah Code Ann. § 76-1 0—1301(4) (LexisNexis 2012), There is no indication in the plain language of subsection 1301(4) that "masturbation" is-or may be-limited to acts involving two active participants; the statutory language simply prohibits "acts of masturbation." Nor is there any indication in subsection 1801(4) that "masturbation" is a technical term of art,. Dictionary definitions of masturbation indicate that masturbatory acts may be done solo or with another active participant; in fact, solo masturbation usually appears as the first entry, suggesting that it is the most common use of the word. Seq, e.g., Masturbation, Merriam-Webster.com, http://www. masturbation [https://perma.co/2D8R-MLYM] (defining the term as "erotic stimulation especially of one's own genital organs"); Masturbation, _ Dictionary.com, http://www .dictionary.com/browse/ masturbation?s=t [https://perma.cc4X6C-C *1093 6JL] (including as the first definition, "the stimulation or manipulation of one's own genitals" and as the second, "the stimulation ... of another's genitals").
T35 Subsections 1813(1)(a) and 1818(1)(b) of the Utah Criminal Code regarding prostitution incorporate subsection 1801(4)'s definition of "sexual activity" by criminalizing conduct amounting to offering, paying, accepting payment, or agreeing to pay for "any sexual activity." Subsection 1813(1)(a) prohibits "offers or [agreements] to commit any sexual activity with another person for a fee"; subsection 1818(1)(b) prohibits "[payments] or offers or [agreements] to pay a fee to another person to commit any sexual activity." The fact that both subsection 1318(1)(a) and subsection 1818(1)(b) use the word "any" to precede "sexual activity" seems to suggest that no limitation on the terms defined in subsection 1801(4) should be inferred.
136 However, the lead opinion seems to do just that when it focuses on the word "with" in subsection 1818(1)(a), which it notes has two possible meanings-one that connotes active participation and one that connotes a more passive presence with another.[9] It then determines that "with" in subsection 1818(1)(a) must connote only active participation, and it concludes that because only subsection 1818(1)(a) contains that word, the person agreeing to commit self-masturbation for a fee under subsection 1818(1)(a) has not committed criminal con-duet while the person who offers or agrees to pay for another to commit the very same act has done so under subsection 1818(1)(b). But the lead opinion also notes in footnote 5 that the plain language of subsections 1818(1)(a) and 18318(1)(b) indicates a legislative intent that these subsections are "meant to complement each other," and the logic of that footnote seems to lead naturally to a conclusion that the Legislature intended to equally criminalize both. sides of the coin of "sexual activity." In my view, each subsection addresses one side of the two-sided commercial transaction for sexual activity; in other words, the plain language of subsection 1318(1)(a) and subsection 1818(1)(b) seems to mandate prohibition of all conduct involving, on the one hand, a person offering or-agreeing to be paid. by another to commit "any sexual activity," and on the other, a person offering, paying, or agreeing to pay another to- commit "any sexual activity." Indeed, both subsections include prepositional phrases that indicate 'another person must be involved in the transaction; - subsection 1818(1)(a) includes the phrase "with another," while subsection 1813(1)(b) includes the phrase "to another." And in doing so, each subsection incorporates subsection 1801(4)'s definition of "sexual activity," a definition which by its plain terms places no limitation on the type of masturbation prohibited.
37 Given this, there does not appear to me to be justification in the plain language of subsection 1813(1)(a) for parsing the meaning of "with" as clogely as the lead opinion does. As noted in my first footnote, the ordinary dictionary meaning of "with" is commonly understood to involve either active or inactive companionship. The inclusion of "with" in subsection 1818(1)(a) indicates legislative intent that another person must be involved in the transaction for sexual activity, but there are no other words in that subsection further qualifying the extent of this other person's involvement; conceivably, a person could be *1094 prosecuted under subsection 1818(1)(a) merely for offering to commit "any sexual activity" with another person for a fee, even if the other person ultimately declines to agree or to pay. Similarly, the inclusion of "to another" in subsection 1818(1)(b) indicates legislative intent that another person must be involved in the transaction-the person must be paying, offering to pay, or agreeing to pay another person for sexual activity-but there are no further words to qualify the extent of the other person's involvement in that case, either. Thus, to complement and match each other regarding the extent of eriminalized conduct, the ordinary meaning of both "with another" in subsection 1818(1)(a) and "to an- ~ other" in subsection 1818(1)(b) would, in my view, allow for criminal prosecution. of a person who offers or agrees to be paid to. commit "any [acts of masturbation]" for a fee, including a solo performance. Compare Utah Code Ann. § 76-10-1801(4) - (LexisNexis 2012), with id. § 76-10-1818(1)(a)-(b).
38 Furthermore, I am not convinced that the word "*with" in subsection 1818(1)(a) nee-essarily refers to the fype of sexual activity agreed to. The lead opinion states that the inclusion of "with" in subsection 1813(1)(a) "reveals that 'with another person' applies to the performance of the sexual activity." See supra. 118 note 5, But by parsing the word "with" so narrowly, it seems to me that the lead opinion's interpretation places excessive focus on the type of sexual activity agreed to by the parties under subsections 1813(1)(a) and. 1813(1)(b) rather than. the transaction for the sexual activity by the parties-the very conduct a sexual solicitation statute is designed to prohibit, As discussed above, it seems apparent that subsection 1818(1)(a)'s "with another person" and - subsection 1818(1)(b)'s "to another person" are meant to require the presence of another person in the transaction, or attempted transaction, for sexual activity. But it is less clear to me that those same prepositional phrases-"with another" and "to another"-also carry and convey any restriction regarding the type of sexual activity that must be agreed to. The only word in both subsections that indicates a qualification on the type of sexual activity itself is the "any" that immediateiy precedes "sexual activity," which, to my mind, indicates that both subsections criminalize offers or agreements to commit for pay whichever of the sexual activities listed in subsection 1801(4) may be the subject of the transaction, without limitation as to how the activity is to be performed. See Utah Code Ann. § 76-10-1313(1)(a)-(b). Thus, because subsections 1813(1)(a) and 1813(1)(b) incorporate subsection 1801(4)'s definition of "sexual activity" without placing explicit limitations on: that activity beyond the word "any," it seems to me that the most that can be said regarding the agreement for the type of sexual activity to be performed is that both subsections require that the offer, payment, or agreement for payment be for one of the acts explicitly deseribed in subsection 18301(4). And as noted above, there is no plain language in subsection 1301(4) that would seem to limit masturbation to only the version involving two active participants.
T89 Moreover, although the lead opinion states that it i is construlng the statute in light of its general purpose, and object, see supra T11, the lead opinion's mterpretamon seems to contravene the overarching purpose of this statute. It is one of the "cardinal principles of statutory construction" that we choose an interpretation that most pr ecisely aligns with "the reason, spirit, and sense of the legislation, as indicated by the entire context and subject matter of the statute dealing with the subject." Miller v. State, 2010, UT App 25, ¶ 12, 226 P.3d 743 (citation and internal quotation marks omitted). The various sections in the Utah Criminal Code regarding prostitution are meant to criminalize (and thereby discourage) the wide range of commercial sexual - activity-solicitation, patronization, aiding, exploitation, and prostitution itself, see Utah Code Ann, §§ 76-10-1801 to -1814 (LexisNexis 2012), all of which arguably demean its participants and present an insidious threat to the "health, safety, welfare, and morals" of society. It is difficult for me to see how paid-for masturbatmn that 1nvolves one actor being compensated for self-masturbating in the presence of another is less grave in terms of the overall objective of the statute than one actor being paid to actually masturbate the other; both versions generate the harm to the participants and our societal *1095 fabric that the statute seeks to prevent.[10] Likewise, it is hard to see how penalizing one party for paying for a sexual activity that the other party is not penalized for performing in exchange for that payment fulfills the statute's purpose. And in the context of the statute as a whole, finding and resolving the ambiguity: of "with" in subsection 1818(1)(a) to limit the statute's reach in the case of the person offering or agreeing to commit sexual activity for a fee seems unjustified, when the alternative, ordinary meaning of "with" seems to better carry out the statute's. purpose and policy.
[ 40 Finally, I also question the logic in the lead opinion's statutory construction. The lead opinion limits the meaning of "masturbation" in subsection 1801(4) through the meaning of "with" in subsection 18318(1)(a); there seems to be no other logical explanation for the lead opinion's conclusion that subsection 1818(1)(a) requires two active masturbation participants while subsection 1313(1)(b) does not. But although we do have canons of textual construction that suggest it is appropriate to determine the meaning of a statutory term by looking to other terms in a statute,[11] I am aware of no canon of construction that suggests it is appropriate to limit the meaning of a specific word in one subsection of a statute-"masturbation"-by a general word-indeed, a mere preposition-in another subsection of a statute. In this regard, the lead opinion's construction of subsections 1801(4) and 1818(1)(a) seems to distort the norms of textual construction where the general purpose is to elicit the Legislature's intent by determining the ordinary, common meaning of statutory language. See State v. Miller, 2008 UT 61, ¶ 18, 193 P.3d 92 ("Our rule of statutory interpretation requires us to give effect to the intent of the legislature in light of the purpose the statute was meant to achieve. The best evidence of the legislature's intent is the plain language of the statute itself, And [when examining the statutory language, we assume the legislature used each term advisedly and in accor-danee with its ordinary meaning." (alteration in original) (citations and internal quotation marks omitted)); 'see also Olsen v. Eagle Mountain City, 2011 UT 10, ¶ 19, 248 P.3d 465 (‘fCanonq’of construction .:. are 'not formulaic, dispositive indicators 'of statutory meaning. They are merely tools that guide our construction of statutes in accordance with' common, ordinary usage 'and urider-standing of language...."). Certainly, the reasoning of the lead opinion does not ex'plain how the inclusion of the word "with" in subsection 1818(1)(a) and its absence from subsection 18313(1)(b) leads to a ' conclusion that "masturbation" requires two active participants in one subsection and not the other when, as the lead opitiion suggests, the other acts in subséction 1801(4) involve two active participants. If, as the lead opinion asserts, "masturbation" must be defined as an act where two people are actively participating because the other two activities listed in subsection 1801(4) are activities with two active participants, there seems to be no logical reason not to conclude that the "sexual activity" criminalized in subsection 1818(1)(b) is likewise limited to masturbation with two active participants. Thus, even if I were to assume that "with" is ambiguous, the lead opinion's statutory construction is troubling, in my view, because it does not apply the same limitation to subsection 1818(1)(b) that it applies to subsection 1818(1)(a). But as discussed, I believe such a limitation applies to neither.
{41 In summary, legislators, like others who strive for precision in expression (judges, for example), often fall short of perfection, and the wording here could have been more clear, But I think that an ap *1096 proach that takes into account the statute as a whole and its overall goals is preferable to one that focuses more narrowly on a single word, as the lead opinion's seems to do. In this regard, I agree with the lead opinion that "[ilt seems apparent that the two subsections [1813(1)(a) and 1818(1)(b)] are meant to complement each other," supra 118 note 5, and I think those subsections are intended to accomplish that goal together by taking into account and criminalizing both sides of the sexual transaction equally. The plain language of subsection 1818(1)(b) encompasses the entire range of "sexual activity" de-seribed in subsection 1801(4), and the commonly understood meaning of the term "masturbation," when considered in that context, plainly appears to criminalize paying for another to masturbate herself, And if the Legislature had intended to exclude the most common definition of masturbation from subsection 1818(1)(a) but not from subsection . 1818(1)(b), it seems to me that a more robust showing of intent would be required-something more than merely employing the word "with," a word that would ordinarily encompass both solo and active-participation masturbation, in one subsection and not the other. Finally, there does not appear to be any meaningful policy basis for criminalizing payment for an act of self-masturbation under subsection 1818(1)(b) and not the act for which that payment is made under subsection 1818(1)(a); rather, the underlying purpose and policy of Utah Criminal Code see-tions 76-10-1801 to -1814 seem to support the opposite conclusion. For these reasons, I respectfully dissent.

. My own survey of definitions of. "with" comports with the lead opinion's recognition of possible definitions of "with"-it is commonly used to confote togetherness involving either active or inactive participation in an activity. Merriam-Webster defines "with" as "used to say that people or things are together in one place" or "used to say that two or more people or things are doing something together or are involved in something." With, Merriam-Webster.com, http:// www.merriam-webster.com/dictionary/with [https://perma.cc/5T7P-QYNF]. - Dictionary.com provides seventeen definitions of "with." The first definition is "accompanied by; accompanying." - With, - Dictionary.com, _ http://www. dictionary.com/browse/with?s=t | [https://perma. ce/3DY4XJIWW]. Macmillan Dictionary's first definition of "with" is "if one person or thing is with another or does something with them, they are together or they do it together," With, Mac-millanDictionary.com, http://www.macmillan dictionary.com/us/dictionary/american/with Cambridge Dictionary indicates that "with" connotes "together" as "used of people or things that are together or doing something together.". With, Dictionary.Cambridge. org, ._. http://dictionary. cambridge.org/us/dictionary/english/with [https:// perma.co/D37W-AN42]. ‘

. The Defendant also argued that the district court's interpretation of these subsections of the code-that self-masturbation is a "sexual activity" criminalized in both subsection 1313(1)(a) and subsection 1313(1)(c)-renders these subsections unconstitutionally vague and overbroad. Because the lead opinion carries the day, I do not address the Defendant's arguments on these points.

. See, e.g., In re Disconnection of Certain Territory from Highland City, 668 P.2d 544, 548 (Utah 1983) ("Where general language ... is used together with specific words ..., familiar rules of construction (noscitur a sociis, 'it is known from its associates," and gjusdem generis, 'of the same kind") require that the general words be restricted to a sense analogous to the specific words," (citations omitted)).